IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14-5042-CR-SW-MDH |
| JAMES ALLEN CRIPPEN, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. Defendant James Allen Crippen filed a Motion to Suppress Evidence in the matter (Doc. 25) in which he argues that officers executing a search warrant at his home violated Rule 41 of the Federal Rules of Criminal Procedure and the Fourth Amendment by (1) failing to show him the search warrant upon request, (2) leaving the warrant and inventory at his home knowing Crippen was taken into custody and would not have access to it, and (3) failing to prepare the inventory of items seized in Crippen's presence. Crippen argues that based on the alleged violations, any incriminating statements he made should be suppressed as fruit of the poisonous tree. The undersigned held a hearing on the motion on May 13, 2015. Defendant Crippen was present with counsel, Michelle N. Moulder, Assistant Federal Public Defender. The United States was represented by Abram McGull, Assistant United States Attorney. For the reasons set forth below, **IT IS HEREBY RECOMMENDED** that the Motion to Suppress Evidence be **DENIED**.

## FINDINGS OF FACT

Larry Roller, a Detective with the Joplin, Missouri, Police Department and forensic examiner with the Cyber Crimes Task Force, testified that he participated in the execution of a search warrant at the Defendant's residence on October 22, 2014 (Suppression Hearing Transcript, Doc. 32, p. 3). Detective Roller testified that during the search he saw Crippen on and around the front porch with a piece of paper in his hand. Roller later determined the paper was the search warrant because when it was time to prepare the return, Detective Root took the paper back from Crippen and wrote the inventory that was seized on the return section of the warrant. Detective Roller further testified that he and Detective Root prepared the inventory list on the return section of the search warrant and made notes in a binder for preparation of an official, typed return to the Court. Detective Roller also testified that during the search he found photographs of what he believed to be child pornography on Crippen's iPhone (Tr. pp. 4-6).

Chip Root, also a Detective with the Joplin Police Department and the Cyber Crimes Task Force, testified at the hearing that he too participated in execution of the search warrant at Crippen's residence on October 22, 2014. Detective Root testified that he, accompanied by other task force officers, approached the residence and knocked on the door. Crippen answered. Detective Root identified himself and asked Crippen whether he could enter the dwelling to speak with him. Crippen answered no and attempted to shut the door. Detective Root placed his hand on the door to prevent it from closing and stated that he had a federal search warrant and directed Crippen to allow him to enter. Crippen stated no and demanded to see the warrant. Detective Root informed Crippen he could see the warrant after officers had entered and secured the dwelling. Crippen attempted to close the door again, but Root pushed it open and placed his

hand on Crippen and pushed him back inside the house. Detective Root explained that he refused Crippen's initial request to see the warrant on the basis of officer safety (Tr. 14-16).

After officers had patted Crippen down for weapons, Root and Detective Brian Martin escorted him, unhandcuffed, to Detective Root's truck. Inside the truck, Root asked Crippen for identification. Before Detective Root had an opportunity to read Crippen his *Miranda* rights, Crippen invoked his right to counsel. Thus, Root terminated the interview, and they exited the truck. Detective Root told Crippen he could not re-enter the residence during the search, but he was free to walk about the front yard. Detective Root testified that Crippen alternately sat on the concrete front porch, walked around the yard, and stood on the front porch while waiting. Detective Root testified that he did not specifically recall giving Crippen the warrant, but did recall asking Crippen to return it to him so he could "complete the inventory list on the warrant." Root explained that normally he brings a laptop and portable printer to a search so he can print out the returns and give a copy to the defendant. Root testified that he did not have a laptop or printer that day, so he hand-wrote the inventory list on the second page of the warrant. Root informed Crippen that he would give the warrant back to him when he was done. Root asked Crippen whether he would like Root to bring the warrant and inventory list to the jail or leave it at Crippen's residence. Crippen instructed Root to leave the warrant and the return inside the house (Tr. 15-22; 24-28; 36-37).

Detective Root further testified that after the inventory was completed, he explained to Crippen the process and procedures that would occur after he was taken into custody. During that conversation, Detective Root informed Crippen that the search warrant was related to child pornography and internet usage. Crippen told Detective Root that he looked at adult pornography. Detective Root responded that looking at adult pornography was not illegal, and

3

the officers were searching for child pornography. Crippen stated, "It pops up sometimes." Detective Root testified that Crippen's utterance did not result from any questions Root had asked him (Tr. 40-41).

## CONCLUSIONS OF LAW

Federal Rule of Criminal Procedure 41(f)(1) governs the execution, receipt, and return of a search warrant. An officer present during the execution of a search or seizure warrant "must prepare and verify an inventory of any property seized." The inventory must be prepared "in the presence of another officer and the person from whom, or from whose premises, the property was taken." If either of these individuals is unavailable, the inventory must be prepared in the presence "of at least one other credible person." Fed. R. Crim. P. 41(f)(1)(B). The officer executing a warrant "must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken or leave a copy of the warrant and receipt at the place where the officer took the property." Fed. R. Crim. P. 41(f)(1)(C).

Violations of Rule 41(f) do not require exclusion of evidence unless the defendant is prejudiced by the violation or if officers acted with a reckless disregard of proper procedure. *United States v. Spencer*, 439 F.3d 905, 913 (8th Cir. 2006). The burden is on the defendant to demonstrate prejudice. *United States v. Nichols*, 344 F.3d 793, 799 (8th Cir. 2003). The Eighth Circuit has held that refusal to produce a warrant after repeated requests to see it could be a deliberate violation of the rule. *See United States v. Schroeder*, 129 F.3d 439, 443-44 (8th Cir. 1997). These standards apply to both failure to produce a warrant and failure to prepare (or properly prepare) an inventory. *See United States v. Adams*, 401 F.3d 886, 893 (8th Cir. 2005).

Defendant argues that upon entry at Crippen's residence, Crippen asked Detective Root

4

to see the search warrant, but Root would not show it to him. Detective Root told Crippen, however, that he would receive a copy of the warrant and a list of the items seized before officers left the residence. Detective Root testified at the hearing that copies of both the warrant and the inventory seized were left at the residence. Crippen argues in his motion that he does not concede that Detective Root left a copy at the residence, but no testimony was elicited at the hearing to support such assertion. Defendant argues that because Crippen was arrested at his home after the search and transported to jail, Detective Root deliberately violated his rights under Rule 41 because he knew Crippen would not have access to the warrant and inventory at his home. Defendant further argues that Detective Root did not prepare the inventory in Crippen's presence, in violation of the rule.

Detective Roller testified that while he did not see detective Root give Crippen a copy of the search warrant, he saw Crippen holding and reading a piece of paper on his front porch while officers were performing the search of his residence. Roller testified that he believed the paper to be the search warrant because later Detective Root asked for the paper back to write the inventory of items seized on the paper.

Rule 41(f)(1) does not require that a defendant be allowed to view or examine the search warrant. Defendant cites *Schroeder*, 129 F.3d at 443-44, in which the Eighth Circuit opined that an officer's failure to produce a warrant when specifically asked could constitute prejudice or deliberate disregard of the rule. *Schroeder* does not govern the outcome in this case, however, because the evidence elicited at the suppression hearing demonstrates that even though Detective Root did not provide the search warrant to Crippen the first time he requested it, Crippen did read it after officers had secured the residence, and the search was underway. Furthermore, there was no evidence presented that either Detective Root or Detective Roller recklessly disregarded

the rule or that Crippen suffered any prejudice as a result of a delay in viewing the warrant.

As for the inventory, the Rule specifically requires the presence of another officer, the defendant, or another credible person during the preparation of the inventory. The evidence adduced at the hearing suggests that Root and Roller prepared the inventory together in the presence of the Defendant. Even if the Defendant was not present, the evidence clearly establishes the presence of another officer or other credible person.

The remedy of suppression of evidence is required only when an officer acts with reckless disregard for the rule or the defendant was prejudiced by the violation. The Court recommends that recklessness cannot be inferred from the facts adduced at the hearing. Both Detectives Roller and Root testified that they prepared the inventory together in the presence of the Defendant. A copy of the warrant was provided to the Defendant. Detective Root asked the Defendant if he wanted a copy of the warrant with him at the jail or left at his residence. The Defendant asked that a copy be left at his house. The Defendant presented no evidence to counter the testimony of the officers. Further, the Defendant has not demonstrated he suffered any prejudice resulting from the alleged violations of Rule 41(f).

The Defendant has also failed to demonstrate an independent Fourth Amendment violation from the facts of the case. The Defendant cites *United States v. Hepperle*, 810 F.2d 836, 838-39 (8th Cir. 1987), but the undersigned recommends that *Hepperle*—in which the court determined that it was not a violation of the Fourth Amendment for officers to begin a search after the issuance, but before the arrival, of a search warrant at the premises to be searched—is not applicable here because the officers who searched Crippen's residence had a valid search warrant. The Defendant also cites to *Hepperle* for the proposition that a warrant must be "presented" to a defendant and argues, therefore, that leaving a copy of the warrant at Crippen's

residence was insufficient. The evidence demonstrates that Crippen was provided with the warrant, and Rule 41 was fully satisfied by leaving the warrant at Crippen's residence per Crippen's own instructions.

Finally, the undersigned recommends that it is not necessary to analyze Crippen's statement to Detective Root that child pornography "pops up sometimes" when he is looking at adult pornography for *Miranda* violations, or any other basis. The Defendant's argument for suppression was tied solely to the alleged Rule 41 violations. The undersigned has recommended there was no violation of Rule 41, and even if there was a violation, the Defendant has not established prejudice or that officers acted with reckless disregard of proper procedure. By the same token, the Defendant has failed to establish an independent Fourth Amendment violation. Thus the Defendant's argument for suppression of the statement as fruit of the poisonous tree must also fail.

## CONCLUSION

Therefore, based on all the foregoing, and pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1 of the United States District Court for the Western District of Missouri, the undersigned hereby **RECOMMENDS** that the Motion to Suppress Evidence (Doc. 25) be **DENIED**.

**DATED: June 22, 2015**

    /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**